UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HBE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV906 HEA |
| | ) |
| WAYNE BURRUS, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, to Stay the Litigation, [Doc. No. 8]. Plaintiff opposes the Motion, and has filed a written memorandum in opposition. For the reasons set forth below, the alternative Motion to Stay is granted.

## Facts and Background

Plaintiff's Complaint alleges the following facts:[1]

In a letter dated April 21, 2009, Defendant, a former salesman for Plaintiff, threatened to sue Plaintiff if it failed to pay him a commission. Defendant claimed that the judgment he obtained in his previous suit against Plaintiff in the Circuit

---

[1] The recitation of facts is take from the Complaint and the parties memoranda. It is set forth for the purposes of this motion only, and in no way relieves the parties of the necessary proof of the facts in later proceedings.

Court for the County of St. Louis foreclosed any dispute that Plaintiff owed Defendant a substantial commission. Plaintiff filed the instant declaratory judgment action under the provisions of 28 U.S.C. §§ 2201 and 2202. Jurisdiction is based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Plaintiff seeks a declaration from this Court that it is not obligated to pay a commission to Defendant on a specific project, the Hanford project, based on the doctrine of claim preclusion, (Count I). Count II, brought in the alternative, seeks a declaration that Defendant is not entitled to a commission under the terms of the parties' agreement. This action was filed on June 10, 2009, six weeks after Defendant's letter. Defendant brought suit against Plaintiff in the Circuit Court for the County of St. Louis, Missouri on July 2, 2009, seeking commission on the Hanford project. The parties agree that the issues and parties in this suit are identical to the instant action.

Defendant was employed by Plaintiff from 1989 through 2001. Plaintiff provides design and construction services throughout the United States. It has a health care division. Defendant worked for Plaintiff as Vice President of Sales in the health care division. During Defendant's employment, the parties entered into a sales compensation contract referred to as the Sales Compensation Plan. Under the Plan, Plaintiff agreed to pay Defendant commissions for a construction contract if Plaintiff and the customer executed a construction contract and Plaintiff received

money on the executed construction contract. The Plan also provided that a sales person must be in the employment of Plaintiff at the time the commission was earned, otherwise, no commission was due. The Plan did not define the term "earned."

Plaintiff's employment was terminated on March 28, 2001. Subsequent to his termination, Plaintiff executed and received money on a number of construction contracts for which Defendant claims to have brought in to Plaintiff, and for which Plaintiff refused to pay commissions.

Defendant sued Plaintiff in the State Court seeking to recover commissions. The first action was filed in September, 2002 and voluntarily dismissed by Defendant in October, 2003. Defendant filed a second action in the State Court in September, 2004. A jury returned a verdict in favor of Defendant on July 19, 2007. No claim on the Hanford project was submitted to the jury in this trial.

Subsequent to the filing of the instant action, Defendant filed the third State Court action which seeks a commission for the Hanford project. Defendant now moves to dismiss or stay this action based on the pending State Court action.

## Discussion

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*

*v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration," *id.* (quoting 28 U.S.C. § 2201(a)) (emphasis in original case, not original statute). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

In *Wilton*, the Supreme Court reaffirmed the application of *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), to a declaratory judgment action:

> Over 50 years ago, in *Brillhart* . . . , this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of a pending state garnishment proceedings, to which the insurer had been added as a defendant . . . [T]his Court held that, "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it was under no compulsion to exercise that jurisdiction." The Court explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

*Wilton*, 515 U.S. at 282 (quoting *Brillhart*) (internal citations omitted).

Thus, the Declaratory Judgment Act gives this Court discretion to determine whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a parallel state court proceeding. See *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citing *Wilton*, 515 U.S. at 289-90). The Eighth Circuit has instructed that a district court's "key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capital Indem.*, 218 F.3d at 874) (citing *Brillhart*, 316 U.S. at 495). If the issues would be better settled in the pending state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capital Indem.*, 218 F.3d at 874-75 (quoting Brillhart, 316 U.S. at 495). Accordingly, although federal courts ordinarily have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress, *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, (1976), in the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields

to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288.

Defendant asserts that the State Court action is better suited to resolve the dispute existing between the parties, because: (1) The State Court Action involves the identical issues set forth in Plaintiff's complaint; (2) all of the interests of the parties to this action can be fully and satisfactorily addressed in the State action; (3) the issues raised by the federal complaint are purely a matter of state law and there are no federal defenses or claims

Plaintiff opposes the motion to dismiss or stay arguing that its first filed action should take precedence over the subsequently filed third State Court proceeding.

The Court finds that the State Court Action and this case are parallel, as both involve the same parties, Plaintiff and Defendant herein, and identical issues regarding whether Defendant is entitled to a commission on the Hanford project. As a result, the Court has discretion to determine whether to exercise jurisdiction over Plaintiff's declaratory judgment action or to abstain in favor of the State Court. See *Capitol Indem.*, 218 F.3d at 874. It must determine whether the issues in controversy between the parties "can be better settled by the state court" in light of the "scope and nature of the pending state court proceeding." *Evanston*, 530 F.3d at 713 (quoted case omitted).

"[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The principle of "wise judicial administration" weighs in favor of declining to exercise discretionary jurisdiction over Plaintiff's request for declaratory relief. Because this action and the State Court Action are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources. The core issues in this case are whether Defendant is precluded from litigating his claim for commission or, alternatively, whether Defendant is entitled to a commission under the Plan. The determination of these issues are purely matters of state law and there are no federal defenses or claims. The State Court has previously tried the second suit regarding the parties Plan. The familiarity and expertise of the State Court with issues regarding the Plan and parties presented in the second action, and the State Court's superior ability to interpret the State Court's prior substantive rulings, is a relevant factor in the abstention analysis. All of the issues pending between the parties can be satisfactorily adjudicated in the State Court action, which the Court believes will effectively and efficiently resolve the request for declaratory relief.

Further, the Court does not believe that Defendant's selection of the State

forum was a result of procedural maneuvering, but rather was based on the State Court's history and familiarity with prior litigation between the parties.

Plaintiff strenuously argues that because it filed this action prior to the filing of Defendant's State Court action, the Court should observe and follow the "first filed" doctrine. Ordinarily, the Court would look to the timing of the filing of the actions. However, in the context of determining whether to exercise jurisdiction under the Declaratory Judgment Act, the Court is less compelled to strictly follow a first filed doctrine. See *Wilton,* 515 U.S. at 280; *American States Insurance Co*, 2008 WL 163588 (E.D. Mo 2008).

Having determined that it should abstain from deciding Plaintiff's claims, the Court further determines that this action should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. *See also Int'l Ass'n of Entrepreneurs of Am. v. Angoff,* 58 F.3d 1266, 1271 (8th Cir.1995); Hart and Wechsler's The Federal Courts and the Federal System 1193 (5th ed.2003) (discussing the distinction between a stay and a dismissal). As the Supreme Court has concluded, an order staying an action "does not constitute abnegation of judicial

duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 29 (1959); *Royal Indem. Co. v. Apex Oil Co.* 511 F.3d 788, 797 (8th Cir. 2008).

## Conclusion

For the foregoing reasons, the Court concludes in the exercise of its discretion that the issues raised by this action would be better settled in the Circuit Court for the County of St. Louis. As a result, the Court will grant Defendant's alternative motion to stay this action in favor of the State Court Action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative **Motion to Stay**, [Doc. No. 8], is **Granted** to the extent that this action is stayed pending its

resolution in the Circuit Court for the County of St. Louis.

Dated this 23rd day of October, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE